Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001117
28-DEC-2015
08:58 AM

NO. CAAP-14-0001117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALBERT KAZUMI AKAHOSHI, aka Albert K. Akahoshi,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DTC-14-022586)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Albert Kazumi Akahoshi, aka Albert K. Akahoshi, pro se, appeals from a Notice of Entry of Judgment and/or Order, which was filed in the District Court of the Third Circuit, North and South Hilo Division ("District Court"),[1] on August 14, 2014. The District Court found that Akahoshi committed the offense of Mobile Electronic Devices, in violation of Hawaii Revised Statutes ("HRS") § 291C-137.[2] On appeal, Akahoshi argues that the District Court wrongly found that he committed the offense based on insufficient evidence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

_____

[1] The Honorable Barbara T. Takase presided.

[2] HRS § 291C-137(a) (Supp. 2013) provides that "No person shall operate a motor vehicle while using a mobile electronic device."

the arguments they advance and the issues they raise, we resolve Akahoshi's points of error as follows, and affirm:

As an appellate court faced with a challenge to the sufficiency of the evidence to establish that a defendant committed a traffic infraction, we are obliged to consider whether, "when viewing the evidence in the light most favorable to the prosecution, substantial evidence exists to support the conclusion of the trier of fact." *State v. Agard*, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (quoting *State v. Bui*, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004)). "'Substantial evidence' means credible evidence which is of sufficient quality and probative value to enable a person of reasonable caustion to reach a conclusion." *Id.* (quoting *Bui*, 104 Hawai'i at 467, 92 P.3d at 476). Here, we hold that such substantial evidence existed.

Indeed, Officer Amacias Valdez, Jr. testified that on May 22, 2014, at about 10:45 a.m., a truck drove past him. A man (later identified as Akahoshi) was in the driver's seat holding a square-shaped, light brown or black object resembling a cell phone to his ear. The weather was clear and there was no rain. Traffic was light and the roads were dry. Nothing obstructed the officer's view. And when Officer Valdez pulled Akahoshi over to the side of the roadway, Akahoshi said that someone had called him and he was listening to the message on the phone. Furthermore, the phone was attached to a lanyard around Akahoshi's neck.

The District Court ruled based on its finding that Officer Valdez was more credible than Akahoshi. And, as discussed above, Officer Valdez's testimony constituted substantial evidence that Akahoshi committed the charged infraction. As we are obliged to defer to the trier of fact's determination of evidentiary weight and credibility, *Agard*, 113 Hawai'i at 324, 151 P.3d at 805, we decline to pass upon the District Court's credibility determinations in this case.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed in the District Court of

the Third Circuit, North and South Hilo Division, on August 14, 2014, is affirmed.

DATED:    Honolulu, Hawaiʻi, December 28, 2015.

On the briefs:

Albert K. Akahoshi,
Pro Se Defendant-Appellant.

Patricia A. Loo,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge